# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLIDEWELL SPECIALTIES FOUNDRY COMPANY,** | } } } |
| **Plaintiff,** | } } |
| v. | } **Case No. 2:06-CV-0640-RDP** } } |
| **CRAFT MACHINE WORKS, INC.,** | } } |
| **Defendant.** | } |

## MEMORANDUM OPINION

The court has before it Plaintiff Glidewell Specialties Foundry Company's ("Glidewell") Motion for Default Judgment against Defendant Craft Machine Works ("Craft") (Doc. # 5) based upon Craft's failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.

This action was commenced on March 31, 2006, by the filing of Glidewell's complaint seeking monetary damages for alleged breach of contract, account stated, open book account, and unjust enrichment. (Doc. # 1). A copy of the summons and complaint was served on Craft on April 6, 2006, by certified mail. (Docs. # 2, 3, 4).[1] To date, Craft has neither filed anything with the court in its defense nor contacted the court in any manner about this case, despite having been served with a summons, a complaint, and the pending Motion for Default Judgment. Therefore, in response to Plaintiff's May 26, 2006 Motion for Entry of Default (Doc. # 5), default was entered against Craft by the Clerk of Court on May 26, 2006. (Doc. # 6).

---

[1] Plaintiff's motion incorrectly notes that Craft was served with the complaint on April 10, 2006. (Doc. # 5, Ex. A).

Plaintiff now seeks a Rule 55(b) default judgment against Craft for monetary damages in the amount of $114,452.00, plus prejudgment and postjudgment interest at the contractual rate of eighteen percent (18%) per annum on each outstanding invoice. (Doc. # 5). Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55(b)(1),(2).  Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default

---

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Glidewell and against Craft is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Craft is not an infant or incompetent person (Doc. # 5, Ex. A), and that it has failed to make payments owed pursuant to a contractual obligation for goods purchased on credit despite the fact that Glidewell has complied with its contractual obligation to supply the goods to Craft and to invoice Craft for payment. (Doc. # 5, Ex. B). Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendant Craft has previously been declared in default by the court's Order of May 26, 2006 (Doc. # 6), Craft's liability is established. *Id.*

The affidavit testimony indicates that the monetary damages sought by Glidewell are for a sum certain or for a sum which can by computation be made certain, to wit: $114,452.00 in principal (as of March 31, 2006) in addition to interest on the outstanding invoices at the contractual rate of eighteen percent (18%) per annum. (Doc. # 5, Ex. B). Accordingly, Rule 55(b)(1) - and not 55(b)(2) - governs this case. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed. R. Civ. P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a

judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Therefore, based upon the court's review of the affidavit testimony and the relevant case law, Glidewell's request for the entry of a final default judgment against Craft is due to be granted, and Glidewell is due to recover from Craft the total sum of $114,452.00 in principal (as of March 31, 2006) plus interest on the outstanding invoices at the contractual rate of eighteen percent (18%) per annum. The court will enter a final default judgment in favor of Glidewell and against Craft that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____14th____ day of June, 2006.

                                                 *[signature]*
                                                 **R. DAVID PROCTOR**
                                                 UNITED STATES DISTRICT JUDGE